IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02443–PAB–KMT

SUZANNE HARPER,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington limited liability company,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion to Vacate Scheduling Conference and Stay Discovery." (Doc. No. 10, filed October 25, 2012 [Mot.].) Plaintiff filed her Response on November 15, 2012 (Doc. No. 13 [Resp.]), and Defendant filed its Reply on November 20, 2012 (Doc. No. 15). For the following reasons, Defendant's Motion is DENIED.

Plaintiff filed her original Complaint (Doc. No. 1) alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Defendant filed a motion to dismiss the complaint for lack of subject matter jurisdiction (Doc. No. 9), and then filed its Motion to Stay, arguing that the case should be stayed because the motion to dismiss, if granted, would resolve the case in its entirety. On November 13, 2012, Plaintiff filed her Amended Complaint (Doc. No. 12), and on November 20, 2012, District Judge Philip A. Brimmer denied Defendant's motion to dismiss as moot (Doc. No. 16).

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the

court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Defendant relies only on its motion to dismiss in arguing that it would be prejudiced by proceeding with discovery. However, because the motion to dismiss has been denied as moot, Defendant's argument fails. Defendant has not addressed the remaining *String Cheese* factors outlined above. Nevertheless, the court that the other factors do not weigh in favor of a stay of discovery. Plaintiff has an interest in proceeding without delay. *See String Cheese Incident, LLC,* 2006 WL 894955, at *2 (granting an indefinite stay would "significantly impact and prejudice plaintiff's right to pursue [its] case and vindicate its claims expeditiously") (citation and internal quotation marks omitted). The court also has an interest in proceeding and managing its docket. Finally, neither the interests of nonparties or the public interest in general prompt the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Sanaah v. Howell*, 08–cv–02117–REB–KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Therefore, for the foregoing reasons, it is

**ORDERED** that "Defendant's Motion to Vacate Scheduling Conference and Stay Discovery" (Doc. No. 10) is DENIED.

Dated this 27th day of November, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

3