IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02443–PAB–KMT

SUZANNE HARPER,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC, a Washington limited liability company,

    Defendant.

## ORDER

This matter is before the court on "Defendant's Motion to Stay Discovery and All Deadlines Contained in the Scheduling Order (Doc. 25) Pending Determination of Defendant's Motion for Clarification or in the Alternative for Reconsideration of District Judge Philip A. Brimmer's November 20, 2012 Minute Order" (Doc. No. 29 [Mot.], filed January 17, 2013). Plaintiff filed her response on February 7, 2013 (Doc. No. 31 [Resp.]), and Defendant filed its reply on February 8, 2013 (Doc. No. 32 [Reply]).

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment,

which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

To resolve motions for protective orders to stay merits discovery, this District has adopted a five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). *See also*, *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983)(quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007). However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is

usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

Here, on November 30, 2012, Defendant filed a Motion for Clarification or in the Alternative for Reconsideration of District Judge Philip A. Brimmer's November 20, 2012 Minute Order. (Doc. No. 18.) In the Motion for Clarification, Defendant argues Plaintiff's claim was mooted on October 17, 2012, that as of that date there no longer existed a controversy for this Court to determine, and thus this Court no longer possessed subject matter jurisdiction over this proceeding. (*Id.*)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter," Fed. R. Civ. P. 12(b)(1). The determination of subject matter jurisdiction is a threshold question of law which must be decided before the case can move forward. *Madsen v. U.S. ex rel. U.S. Army Corps. of Engineers*, 841 F.2d 1011, 1012 (10th Cir.1987). If the Court lacks subject matter jurisdiction, the entire action will be dismissed. The court finds that, because the defendant is asserting that this Court lacks subject matter jurisdiction, the case properly is stayed pending Judge Brimmer's ruling on the Motion for Clarification.

In analyzing the propriety of a stay of discovery pending resolution by the District Court of the Motion for Clarification, this court acknowledges there is some prejudice to the Plaintiff in delaying discovery, as is addressed in her response. (Resp., ¶ 5.) However, this prejudice is far outweighed by the burden on the Defendant going forward with discovery while a Motion for Clarification regarding subject matter jurisdiction is pending. The parties have failed to address

the remaining *String Cheese* factors; however, consideration of those factors does not tip the balance in favor of either position.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the court finds that a temporary stay of discovery is justified and will be imposed pending resolution of the pending Motion for Clarification.

Therefore, it is

**ORDERED** that "Defendant's Motion to Stay Discovery and All Deadlines Contained in the Scheduling Order (Doc. 25) Pending Determination of Defendant's Motion for Clarification or in the Alternative for Reconsideration of District Judge Philip A. Brimmer's November 20, 2012 Minute Order" (Doc. No. 29) is **GRANTED**. Discovery and all deadlines are stayed pending resolution of the Motion for Clarification or in the Alternative for Reconsideration of District Judge Philip A. Brimmer's November 20, 2012 Minute Order. (Doc. No. 18.) The defendant shall file a status report within five days of any order resolving the Motion for Clarification.

Dated this 14th day of February, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge