IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02443-PAB-KMT

SUZANNE HARPER,

      Plaintiff,

v.

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

      Defendant.

---

## ORDER

---

This matter is before the Court on the Motion for Clarification or in the Alternative for Reconsideration of the Court's November 20, 2012 Order [Docket No. 18] filed by defendant Receivables Performance Management, LLC.

On September 13, 2012, plaintiff Suzanne Harper filed a complaint alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Docket No. 1.  According to the complaint, defendant violated the FDCPA by, among other things, making false representations in connection with its attempts to collect plaintiff's debt.  *Id*. at 4-6.  In her prayer for relief, plaintiff sought "[d]amages pursuant to 15 U.S.C. § 1692k(a)" and "[r]easonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)."  *Id*. at 10, ¶¶ 2-3.

On October 2, 2012, defendant tendered plaintiff an Offer of Judgment pursuant to Fed. R. Civ. P. 68.  Docket No. 9-1.  Defendant's Offer of Judgment had the following terms:

1.       Pursuant to 15 U.S.C. § 1692 *et seq.* and Federal Rule of Civil Procedure 68, Defendant[ ] hereby offers judgment to Suzanne Harper.

2.       RPM offers $1001.00 plus the amount determined pursuant to paragraph 3 below.

3.       RPM agrees to pay reasonable attorneys fees incurred by Ms. Harper's counsel in prosecuting this action.  This amount will be approved by the Court in a Petition for Attorneys Fees.

Docket No. 9-1 at 1, ¶¶ 1-3.[1]  Plaintiff did not accept defendant's Offer of Judgment within fourteen days.[2]  Docket No. 18 at 2.  On October 22, 2012, defendant filed a motion to dismiss plaintiff's FDCPA claim pursuant to Fed. R. Civ. P. 12(b)(1).  Docket No. 9.

In the October 22, 2012 motion to dismiss, defendant argued that plaintiff's complaint contained "a sole allegation under the FDCPA and s[ought] total damages of $1,000, plus costs and attorneys' fees."  Docket No. 9 at 4.  Defendant claimed that, because plaintiff's complaint requested only "statutory damages, attorneys' fees and costs as well as judgment in her favor," defendant's Offer of Judgment of $1,001.00 plus attorneys' fees and costs constituted "the total relief available to Plaintiff" should the case proceed to trial.  *Id*. at 3.

---

[1]Defendant's Offer of Judgment does not mention plaintiff's costs.  *See* Docket No. 9-1 at 1, ¶¶ 2-3.

[2]Rule 68 of the Federal Rules of Civil Procedure states, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  If a plaintiff rejects a Rule 68 offer, he must pay costs incurred after the offer was made if the amount awarded at trial is less than the offer.  Fed. R. Civ. P. 68(d).

On November 13, 2012, almost a month after the deadline passed for plaintiff to accept the Offer of Judgment, plaintiff filed an Amended Complaint [Docket No. 12]. Plaintiff's amended complaint, while almost identical to her original complaint, clarified that she sought both actual damages and statutory damages for relief pursuant to 15 U.S.C. §§ 1692k(a)(1) and (a)(2)(A).  Docket No. 12 at 10, ¶¶ 2-3.  On November 20, 2012, the Court issued a Minute Order [Docket No. 16], denying defendant's October 22, 2012 motion to dismiss as moot because plaintiff's amended complaint became the operative pleading in the case.  Docket No. 16 at 1.

In the present motion for reconsideration, defendant argues that the Court should reconsider or clarify its November 20, 2012 minute order because plaintiff did not accept defendant's October 2, 2012 Offer of Judgment within fourteen days as required by Fed. R. Civ. P. 68 and, as a result, plaintiff's case became moot on October 16, 2012.  Docket No. 18 at 1-2.  Thus, given that plaintiff's amended complaint was filed after "there was no longer any actual case or controversy for this Court to adjudicate," defendant contends the amended complaint is inoperative and cannot maintain plaintiff's claim in this case.  *Id*. at 3.

A district court has discretion to revise any of its interlocutory orders prior to the entry of final judgment.  *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge"); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment").  Where, as here, a

party files a motion for reconsideration prior to the entry of judgment, Rules 59(e) and 60(b) do not apply.  *See Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962).  However, in consideration of both judicial economy and fairness to the parties, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders and consider whether new evidence or new legal authority has emerged, or whether the prior ruling was clearly in error when deciding motions to reconsider interlocutory orders.  *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order).

Defendant's October 22, 2012 motion to dismiss called into question the Court's subject matter jurisdiction and defendant attached evidence in support of the motion. *See* Docket Nos. 9, 9-1.  Accordingly, the Court may reference evidence outside of the pleadings.  *SK Fin. SA v. La Plata Cnty.*, 126 F.3d 1272, 1275 (10th Cir. 1997).

Defendant's October 22, 2012 motion to dismiss and the present motion for reconsideration are premised on defendant's belief that plaintiff's original complaint sought only an award of statutory damages.  *See* Docket No. 9 at 4 ("Plaintiff's [original] Complaint requests statutory damages, attorneys' fees and costs"); Docket No. 18 at 3 (noting that the Offer of Judgment "represented an offer to pay Plaintiff an amount greater than what is statutorily available under the FDCPA"); Docket No. 27 at 3 ("At the time the Offer of Judgment was made, it constituted a complete offer as no actual

4

damages were pled in the [original] Complaint").  Defendant's reading of plaintiff's original complaint is in error.

As noted above, the original complaint requested relief in the form of "[d]amages pursuant to 15 U.S.C. § 1692k(a)."  Docket No. 1 at 10, ¶ 2; *id.* at 8-9, ¶ 64; *id.* at 9, ¶ 72.  Section 1692k(a) of the FDCPA states, in relevant part, that debt collectors who violate the FDCPA are liable to plaintiffs in an amount equal to the sum of: "(1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."  15 U.S.C. § 1692k(a).  Although the original complaint did not specify whether it sought statutory damages, actual damages, or both, the original complaint's citation to § 1692k(a) was sufficient to place defendant on notice that plaintiff could seek an award of both actual and statutory damages.  *See* Fed. R. Civ. P. 8(a)(3) (noting that a pleading need only contain "a demand for the relief sought, which may include relief in the alternative or different types of relief").  Defendant cites to no caselaw in support of the proposition that a plaintiff must allege that she seeks "actual" damages, even though the plaintiff's complaint cites to a statute that provides for both actual and statutory damages.

Given that plaintiff's original complaint sought both actual and statutory damages, the Court now addresses whether defendant's Offer of Judgment, which presented plaintiff with an offer of $1001.00 plus costs and reasonable attorneys' fees, provided plaintiff full and complete relief.  Docket No. 9-1 at 1, ¶¶ 2-3.

Several circuits have held that an Offer of Judgment for the full relief to which a plaintiff is entitled may moot a case.  *See, e.g., Weiss v. Regal Collections*,

5

385 F.3d 337, 340 (3d Cir. 2004); *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991); *Doyle v. Midland Credit Mgmt., Inc.*, --- F.3d ----, 2013 WL 3242148, at *2 (2d Cir. June 28, 2013).  The Tenth Circuit has yet to address this issue.  *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011) ("[w]hile [the Tenth Circuit has] yet to address the question squarely, other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims . . . the plaintiff's claims are rendered moot").

Plaintiff argues that defendant's Offer of Judgment does not provide full and complete relief because it artificially limits her recovery of actual damages to one dollar without any evidence that one dollar was the maximum amount plaintiff could recover after a jury verdict.  Docket No. 26 at 2-3.  Assuming, without deciding, that an Offer of Judgment for complete relief could render a case moot, the Court agrees with plaintiff that defendant's offer here does not do so.

Although the FDCPA provides for a maximum statutory remedy of $1,000.00, 15 U.S.C. § 1692k(a)(2)(A), the FDCPA does not place a similar ceiling on actual damages.  15 U.S.C. § 1692k(a)(1); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012).  Assuming defendant's Offer of Judgment provided plaintiff with the full amount of relief that she could recover on her request for statutory damages, it would have provided plaintiff with an award for actual damages in the amount of one dollar.  However, defendant provides no evidence from which the Court can determine that plaintiff's actual damages amount to one dollar.  Because plaintiff's original complaint requests an unspecified amount of actual damages, the Court cannot, on the basis of defendant's motions, hold as a matter of law that plaintiff is not entitled to

actual damages or that plaintiff could not possibly recover more than one dollar if her case proceeded to trial. *Warren*, 676 F.3d at 371. Accordingly, defendant's offer of one dollar for plaintiff's actual damages did not moot plaintiff's case because it did not offer plaintiff all that she may have recovered after a jury trial. *Id.*; *see Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) (noting that "[t]o moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* [she] has asked for . . . [and] [a]n offer limited to the relief the *defendant* believes is appropriate does not suffice. The question is whether the defendant is willing to meet the plaintiff on [her] terms") (citation omitted; emphasis in original).[3] For these reasons, defendant's Offer of Judgment did not strip the Court of subject matter jurisdiction over this case.[4]

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Pursuant to Rule 15(a)(1)(B), a party may amend its complaint as a matter of course 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P.

---

[3]The offer was also inadequate in that it stated that defendant agreed to pay "reasonable attorneys fees incurred by Ms. Harper's counsel" as opposed to those incurred by Ms. Harper. Docket No. 9-1 at 1, ¶ 3. Defendant dismisses plaintiff's argument about this aspect of the offer as "frivolous," Docket No. 27 at 4, but plaintiff was not required to interpret the offer generously, particularly in response to defendant's crabbed interpretation of the complaint.

[4]To the extent defendant argues that plaintiff has not alleged facts entitling her to actual damages, the Court notes that such arguments go to the merits of plaintiff's claim and the merits of those arguments are not relevant to a mootness inquiry. *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 570 (6th Cir. 2013) (noting that to "rule on whether [the plaintiff] is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires the district court to do that in response to a motion to dismiss for lack of subject matter jurisdiction").

15(a)(1)(B).  As noted above, defendant filed its motion to dismiss pursuant to Rule

12(b)(1) on October 22, 2012 and plaintiff filed her amended complaint on November

13, 2012.[5]  *See* Docket Nos. 9, 12.  Because plaintiff had the right to file her amended

complaint as a matter of course, the amended complaint is now the operative pleading

and the Court finds no clear error with its previous Minute Order [Docket No. 16]

denying defendant's October 22, 2012 motion to dismiss as moot.  *See, e.g., Mink v.*

*Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (noting that an amended complaint

"supercedes an original complaint and renders the original complaint without legal

effect") (citation omitted).

For the foregoing reasons, it is

**ORDERED** that Defendant Receivables Performance Management, LLC's

Motion for Clarification or in the Alternative for Reconsideration of District Judge Philip

A. Brimmer's November 20, 2012 Minute Order [Docket No. 18] is **DENIED**.

---

[5]Rule 15 allows a plaintiff to file an amended complaint as a matter of course within 21 days of service of a 12(b) motion.  Fed. R. Civ. P. 15(a)(1)(B).  Rule 6(d) provides that, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P. 6(d).  Because defendant served its motion to dismiss under Fed. R. Civ. P. 5(b)(2)(E), plaintiff had until November 15, 2012 to file an amended complaint as a matter of course.  *See Harnish v. Widener Univ. Sch. of Law*, 2012 WL 2576353, at *2 (D.N.J. July 3, 2012) (noting the same); *Adams v. Campbell Cnty. Sch. Dist.*, 483 F.2d 1351, 1353 (10th Cir. 1973) (noting that a "motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)").  Plaintiff filed her amended complaint on November 13, 2012.  Thus, plaintiff's amended complaint was timely filed.

DATED August 26, 2013.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge